U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2009 MAY -7 PM 12: 46

BY_____ CLERK
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| JOHN GRENIER,<br>          Plaintiff<br><br>v.<br><br>DETECTIVE-SERGEANT INGRID JONAS,<br>in her individual capacity,<br>          Defendant | Docket No. 2:09-cv-121 |

## COMPLAINT

Plaintiff John Grenier, by and through his attorneys, Gravel and Shea, for his Complaint against Defendant Detective-Sergeant Ingrid Jonas, in her individual capacity, alleges as follows:

### NATURE OF ACTION

1.      This is an action for violation of Plaintiff's constitutional rights under 42 U.S.C. §§ 1983 and 1988. Defendant deliberately withheld exculpatory evidence in order to keep Plaintiff imprisoned prior to trial. As soon as the evidence came to light, Plaintiff was immediately released and the charges were subsequently dropped. Plaintiff seeks damages for loss of liberty in violation of the Due Process Clause, as well as attorney's fees for this action.

### PARTIES

2.      Plaintiff John Grenier is a resident of Winooski, Vermont.

3. Upon information and belief, Defendant Detective-Sergeant Ingrid Jonas is a resident of Underhill, Vermont, and is employed by the Vermont State Police, a division of the Vermont Department of Public Safety. In or around December 2007, Defendant worked as an investigator with the Northwest Unit of Special Investigations in St. Albans, Vermont.

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction under 28 U.S.C. § 1331, as this action arises in part under the Constitution and laws of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant resides in the District of Vermont and a substantial part of the events and omissions giving rise to the claim occurred in the District of Vermont.

## FACTS

6. On November 26, 2007, Complainant S.S.[1] sought treatment at the Richford Health Center for nausea, mild vomiting, and diarrhea. The clinic determined she had eaten bad hamburger meat and had E. Coli sickness. While at the clinic, Complainant reported that she had been sexually assaulted. Personnel at the clinic then contacted Defendant Detective-Sergeant Ingrid Jonas at the Northwest Unit for Special Investigations ("NUSI"), who met with Complainant on November 29, 2007, and received a formal statement from her. In that statement, Complainant accused Plaintiff of sexually assaulting her on a Friday night sometime in October.

---

[1] Complainant's name has been kept confidential to protect her identity.

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

7. On December 3, 2007, Defendant approached Plaintiff while he was at work and used a ruse to try and get him to admit to the allegations made by Complainant. Plaintiff denied these allegations. Nevertheless, later that day, Plaintiff was arrested and taken into custody in connection with Complainant's allegations, in the matter of *State of Vermont v. John Grenier*, Docket No. 1573-12-07 Frcr (the "Criminal Matter").

8. On December 4, 2007, Plaintiff was arraigned and charged with sexual abuse of a vulnerable adult, 13 V.S.A § 1379, and held without bail.

9. Shortly after, Plaintiff moved for reconsideration of the denial of bail, arguing that the State had not met the requirements set forth in 13 V.S.A. § 7553a to hold Defendant without bail for an act of violence.

10. The State amended the charges against Plaintiff on December 18, 2007, to include a count of sexual assault pursuant to 13 V.S.A. § 3252(a)(1), for which he was arraigned on December 20, 2007.

11. On December 21, 2007, the Court denied Plaintiff bail for the second time.

12. Over the course of discovery, copies of Defendant's file pertaining to the Criminal Matter were turned over to the State, which then, pursuant to Plaintiff's counsel's request, produced it to Plaintiff on or about December 18, 2007, February 1, 2008, and March 5, 2008. These documents included among other things, criminal records for Plaintiff, Complainant, and witnesses, taped interviews taken by Defendant, medical reports, and e-mails between Complainant and Defendant.

13. Defendant had access to and did review records from the Burlington Police Department ("BPD") and Chittenden Unit for Special Investigations ("CUSI"). Both BPD's and

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

CUSI's file regarding Complainant included a number of sexual assault allegations by Complainant. BPD and CUSI determined that many of these allegations were unsubstantiated, including allegations of sexual assault under a train caboose and on the side of a steep hill.

14. The files also indicated that cases involving Complainant regarding sexual assault allegations were not prosecuted or were dismissed.

15. Defendant knew or should have known based on her investigation of the incident that Complainant was known to have made false sexual assault reports in the past.

16. On February 15, 2008, Plaintiff learned of a voice mail left by Complainant on Defendant's work voice mail. Upon information and belief, the voice mail was left on or around December 13, 2007, when Complainant was moving away from Richford. Defendant heard this voice mail, at the latest, upon her return from vacation in early January 2008. In that voice mail, Complainant alleged that she was sexually assaulted by Travis Denton, a neighbor living in another apartment in her complex, the day after Plaintiff allegedly assaulted her.

17. Defendant did not investigate Complainant's allegation regarding Travis Denton, as it was immediately deemed to be false.

18. Defendant never asked Complainant about the allegations made about Travis Denton despite having the opportunity to do so.

19. Defendant never asked Travis Denton if he sexually assaulted Complainant the day after Plaintiff allegedly did.

20. Acting in her individual capacity, Defendant knowingly and intentionally withheld the voice mail left by Complainant from the prosecutor and from Plaintiff's attorney for more than a month, violating Plaintiff's constitutional rights.

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

21. Shortly after the voice mail was disclosed to the prosecutor, the prosecutor offered to agree to the release of Plaintiff on conditions. The Vermont District Court then held an emergency hearing. The direct and proximate result of this hearing was Plaintiff's immediate release from jail. The prosecutor subsequently dismissed the charges without prejudice on March 19, 2008.

22. Upon information and belief, disclosure of the voice mail caused Plaintiff to be released from jail and ultimately resulted in the prosecutor dropping the charges.

23. Plaintiff was incarcerated from December 3, 2007, until February 15, 2008, for a total of 74 days.

24. Plaintiff subpoenaed NUSI for a copy of Defendant's file on February 19, 2008. The documents were received by Plaintiff on or about March 5, 2008. The file did not contain any electronic communications to or from Complainant.

25. Defendant intentionally, knowingly and with deliberate indifference withheld material evidence that was exculpatory and impeaching for months.

26. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries, including but not limited to lost wages, emotional distress, mental anguish, stigmatization of his reputation, damage to his personal relationships, loss of freedom, pain, suffering, deprivation of his constitutional rights, loss of privacy, and attorneys' fees.

COUNT I
(42 U.S.C. § 1983 – Due Process)

27. Plaintiff realleges Paragraph 1-26 above, as if fully set forth herein.

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

28. Defendant, acting individually and under color of state law and within her scope of employment, deprived Plaintiff of his constitutional rights under the Due Process Clause of the Fourteenth Amendment.

29. Defendant deliberately, intentionally, willfully, and with deliberate indifference withheld material evidence that was favorable to Plaintiff because it was exculpatory and impeaching. As a result, Defendant mislead and misdirected the criminal prosecution of Plaintiff. Absent this misconduct, at the very least, Plaintiff would not have been denied bail.

30. Defendant was not acting within her discretionary authority when she withheld exculpatory and impeaching evidence.

31. The due process rights that Defendant violated were at all relevant times clearly established and a reasonable law enforcement officer in Defendant's position would have known that her alleged actions would have violated Plaintiff's rights.

32. As a result of this violation of his Constitutional rights, Plaintiff suffered damages including but not limited to lost wages, emotional distress, mental anguish, stigmatization of his reputation, damage to his personal relationships, loss of freedom, pain, suffering, deprivation of his constitutional rights, loss of privacy, and attorneys' fees.

33. Defendant's misconduct was objectively unreasonable and undertaken intentionally and with willful indifference to Plaintiff's Constitutional rights.

## RELIEF

WHEREFORE, Plaintiff asks that judgment be entered in his favor, granting him compensatory and punitive damages in amounts to be determined by the trier of fact, together

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

with costs, attorneys' fees, interest, and such other further relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff demands a trial by jury on all issues so triable with respect to the Complaint.**

Dated:   Burlington, Vermont
         May 6, 2009

*/s/ Paul Kearney*
Robert F. O'Neill, Esq.
Paul A. Kearney, Esq.
Gravel and Shea
76 St. Paul Street, 7th Floor
P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
For Plaintiff John Grenier