```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

John Grenier,                          :
                                       :
        Plaintiff,                     :
                                       :
                                       :
     v.                                :   File No. 1:09-cv-121-jgm
                                       :
                                       :
Ingrid Jonas, Detective-Sergeant,      :
in her individual capacity,            :
                                       :
        Defendant.                     :
_____:


MEMORANDUM AND ORDER ON PLAINTIFF'S
   MOTIONS TO COMPEL DISCOVERY AND
   MOTION FOR ORDER TO SHOW CAUSE
         (Docs. 40, 43, 44)

In this 42 U.S.C. § 1983 action, Plaintiff John Grenier moves to compel responses to interrogatories and requests to produce documents, and for an order to show cause why the Vermont Criminal Justice Training Council should not be held in contempt for failing to fully respond to a subpoena.  (Docs. 40, 43, and 44.[1])  Grenier's § 1983 suit against Defendant Ingrid Jonas, a Vermont State police detective-sergeant, alleges that when Grenier faced state criminal sexual assault charges, Jonas withheld exculpatory information that the complainant had left Jonas a voicemail stating Grenier's relative had sexually

---

[1] All three motions request attorney's fees and expenses incurred in filing the motion.

assaulted the complainant in the same weekend Grenier allegedly assaulted her.  (See Amended Complaint, Doc. 18.)[2]

I.  The Second Motion to Compel and the Motion for Order to Show Cause Are Denied

Grenier's Second Motion to Compel (Doc. 43), which seeks an order compelling Jonas to supplement her production of training records and materials, is denied because Jonas has turned over her resume listing all her training courses and avers that no other training records or materials are in her possession.  (See Jonas Aff., Doc. 53-1.)

Grenier's Motion for Order to Show Cause Why Vermont Criminal Justice Training Council Should Not be Held in Contempt (Doc. 44) is also denied because the Training Council has produced approximately thirty pages of training documents, the executive director of the Training Council avers he has searched for all responsive documents, none of which were stored electronically, and all records and documents in the Council's custody have been produced.  (See Baker Aff., Doc. 56-1.)

II.  Decision on the First Motion to Compel is Deferred

The Court will defer ruling on Grenier's first Motion to Compel (Doc. 40), however, pending *in camera* review of the discovery.  The Motion to Compel seeks an order compelling a

---

[2] When the exculpatory information came to light, the state court released Grenier without bail.  The charges were subsequently dismissed.

response to Grenier's fourth interrogatory and fourth request to produce documents, relating to complaints regarding Jonas's professional duties, including complaints that Jonas withheld exculpatory evidence.  In answer to the discovery requests, Jonas objected to both the interrogatory and request to produce, asserting that under "21 V.S.A. § 1923(b) and (d), the State Police Advisory Commission Office of Internal Investigations investigates all allegations of misconduct," and "the records of the Office of Internal Investigations are confidential."  (Doc. 40-3.)

    Defendant's answers merely referred to this state statute and offered no further explanation.  She did not, as required by Federal Rule of Civil Procedure 26(b)(5) for documents withheld, "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5).  Furthermore, Defendant did not, as required by Rule 33, state the ground for her objection to Grenier's interrogatory "with specificity."  Fed. R. Civ. P. 33(b)(4).  Defendant's memorandum in opposition to Grenier's motion asserts, in addition to the state statute, the law enforcement privilege applicable in federal cases.  See Doc. 41; Fed. R. Evid. 501.  Other than reciting the standards for the privilege, however, Defendant's

submissions do not go any further in elucidating the basis for the claim of privilege.

According to the Second Circuit, the "ultimate burden of showing that the law enforcement privilege blocks disclosure falls on the party asserting the privilege."  <u>In re The City of New York</u>, 607 F.3d 923, 943-44 (2d Cir. 2010).  In <u>Floyd v. City of New York</u>, Judge Scheindlin recognized a "longstanding line of cases holding that 'lawsuits brought under 42 U.S.C. § 1983 require special attention to full disclosure'" and the "'great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery.'"  <u>Floyd v. City of New York</u>, 739 F. Supp. 2d 376, 381 n.21, 381-82 (S.D.N.Y. 2010) (quoting <u>King v. Conde</u>, 121 F.R.D. 180, 195 (E.D.N.Y. 1988) and ordering disclosure of documents relevant to a § 1983 claim, following *in camera* review, and subject to redactions and an attorneys'-eyes-only protective order).

Here, claims and investigations of Jonas' professional misconduct, particularly any claims she withheld or mishandled exculpatory evidence, are potentially relevant to Grenier's § 1983 claim.  While the law enforcement privilege is qualified and not absolute, it serves an important function, namely "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses

4

and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re The City of New York, 607 F.3d 923, 941 (2d Cir. 2010).  The privilege does not shield law enforcement from public scrutiny, however, and as Judge Scheindlin noted, "courts must vigilantly review an assertion of the privilege and must often conduct an *in camera* inspection of the materials in question."  Floyd, 739 F. Supp. 2d at 379.

Defendant must produce for *in camera* inspection any information or documents responsive to Grenier's requests regarding claims of professional misconduct, including any regarding the handling of exculpatory evidence.  The Court is not inclined to grant the motion to compel unless the interrogatory responses or documents relate to or are directly relevant to the mishandling or withholding of exculpatory evidence, but Defendant should nevertheless submit all documents responsive to the discovery request for *in camera* inspection.

III. Conclusion

Therefore, Mr. Grenier's Second Motion to Compel (Doc. 43) and Motion for Order to Show Cause (Doc. 44) are DENIED, and decision on Mr. Grenier's Motion to Compel (Doc. 40) is deferred pending *in camera* review of responsive documents and interrogatory responses.

Defendant is hereby ORDERED to submit responses to Plaintiff's fourth interrogatory and fourth request for production (Doc. 40-2 at 8, 10) to chambers <u>on or before May 24, 2011</u>, and may do so either in hard copy or on a disk in pdf format.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of May, 2011.

<pre>                         /s/ J. Garvan Murtha
                         Honorable J. Garvan Murtha
                         Senior United States District Judge</pre>